Nathan Brunette, OSB #090913
nathan.brunette@stoel.com
Ryan Kunkel, OSB # 154671
ryan.kunkel@stoel.com
Austin Zuck, OSB # 257130
austin.zuck@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Attorneys for OTO.COACH INC.*
*and OTO US Fertility LP*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OTO.COACH INC. and OTO US FERTILITY LP<br><br>Plaintiffs,<br><br>v.<br><br>VALERIY NASEDKIN, VN CONSULTING SERVICES, and VLADIMIR LARIONOV,<br><br>Defendants. | CASE NO.:  3:26-cv-00057-AN<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO VN DEFENDANTS' MOTION TO CONTINUE HEARING ON OTO'S MOTION FOR PRELIMINARY INJUNCTION, TO CONDUCT AN EVIDENTIARY HEARING, AND TO PERMIT LIMITED EXPEDITED DISCOVERY |

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT .............................................................................................................. 3

    A.    The VN Defendants' Request for an Evidentiary Hearing Is Untimely ................ 3

    B.    The VN Defendants Identify No Changed Circumstance Other than the Appearance of Substitute Counsel, Which Is Insufficient. .................................... 4

    C.    The Mere Presence of Typical Factual Disputes Does Not Necessitate an Evidentiary Hearing. ........................................................................................... 5

    D.    The Factual Issues Identified by the VN Defendants Were Already Addressed in the Preliminary Injunction Briefing ................................................ 7

        1.    The Parties Already Addressed Mr. Nasedkin's Emails to Himself in Their Briefs ........................................................................................ 7

        2.    The Parties Already Addressed the OTO Devices in Their Briefs ............ 8

        3.    The Parties Already Addressed the Omegawave Software in Their Briefs ............................................................................................. 8

        4.    The Parties Already Addressed Sapere and the Alleged Competitive Harm in Their Briefs ............................................................ 9

    E.    The VN Defendants' Own Position on the Continuance Underscores the Problem with Their Request. ................................................................................ 10

    F.    Motion No. 3 Has Already Been Denied. ............................................................ 11

III.  CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Goehring v. Brophy*,
  94 F.3d 1294 (9th Cir. 1996) ...................................................................................4

*Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*,
  799 F.2d 547 (9th Cir. 1986) ...................................................................................6

*Kenneally v. Lungren*,
  967 F.2d 329 (9th Cir. 1992) ...................................................................................6

*Link v. Wabash R. Co.*,
  370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)............................................4

*Millennium Health, LLC v. Barba*,
  No. 3:20-CV-02035-HZ, 2021 WL 1254349 (D. Or. Apr. 5, 2021) ...................6, 7

*Numbers Licensing, LLC v. bVisual USA, Inc.*,
  643 F. Supp. 2d 1245 (C.D. Cal. 2009) ...................................................................6

*Union Pac. R.R. v. Mower*,
  219 F.3d 1069 (9th Cir. 2000) ...............................................................................10

*United States v. Santana-Dones*,
  920 F.3d 70 (1st Cir. 2019)......................................................................................5

*United States v. Shevchenko*,
  No. 5:22-CR-00250-EJD-1, 2025 WL 2614980 (N.D. Cal. Sept. 9, 2025).........5, 8

*United States v. Trancheff*,
  633 F.3d 696 (8th Cir. 2011) ...................................................................................5

## I.    INTRODUCTION

As discussed in more detail in Plaintiffs' ("OTO") preliminary injunction motion (Dkt. 11, the "PI Motion"), OTO is a health technology innovator dedicated to transforming how individuals understand and optimize their well-being.  OTO combines medical-grade wearable technology with proprietary software to provide precise, non-invasive assessments of the body's most critical systems, including cardiac, central nervous, autonomic, hormonal, and energy regulation.

Defendants Larionov and Nasedkin are former employees of OTO.  There is ***no dispute*** that they took OTO information and documents, including by sending them to their own personal email addresses from their OTO accounts before the end of their employment with OTO.  That information included important technological details, business plans and roadmaps, and clinical study data.

After discovering these facts, and discovering that Larionov and Nasedkin were also serving as "Co-Founder and Head of Research and Development" and as "Physicist and Lead Engineer" for a competing business in the same space, OTO promptly sought relief to maintain the status quo, and to keep Defendants from using or disclosing to others the information they wrongfully sent to themselves before leaving OTO.  Defendants have already succeeded in delaying that request for many months.

- OTO first reached out to the VN Defendants on January 13, seeking to confer on the preliminary injunction motion.  *See* PI Mot. at 4.  Despite OTO's repeated requests to timely confer, counsel for VN Defendants stated he was unavailable to confer until February 6, three weeks later.

- OTO and counsel for VN Defendants conferred on February 6 and OTO filed its PI Motion the same day.  *See id.*

Page 1 – OTO's Opp. to Mot. for Evidentiary Hearing

- The VN Defendants filed their PI Opposition on February 27, 2026.  Dkt. 22.

  OTO filed its PI Reply on March 13, 2026.  Dkt. 26.

Now, more than four months after all briefing was complete and shortly before oral argument was scheduled, the VN Defendants filed a motion seeking to delay the hearing, take expedited discovery, and convert the argument to an evidentiary hearing.  *See* VN Defendants' Motions to Continue Hearing on Plaintiffs' Motion for Preliminary Injunction, to Conduct an Evidentiary Hearing, and to Permit Limited Expedited Discovery (Dkt. 34, the "VN Defendants' Motion").  The first two of those requests have been resolved by the Court.   The only remaining issue is the VN Defendants' request for an evidentiary hearing.  That request should be denied. OTO filed its preliminary injunction motion in February (Dkt. 11, the "PI Motion"), the VN Defendants filed a substantive opposition (Dkt. 22, the "PI Opposition"), and OTO filed a reply (Dkt. 26, the "PI Reply") addressing the same factual issues the VN Defendants now claim require live testimony.  The VN Defendants did not request an evidentiary hearing in their opposition, did not argue that the written record was insufficient, and do not now identify any new fact or dispute that could not have been presented in the VN Defendants' original briefing.

The VN Defendants' request is therefore not based on any newly discovered evidence, newly available witness, or newly developed factual issue.  The only apparent reason for the request is that the VN Defendants recently substituted counsel.  But substitution cannot justify reopening the record or allowing an evidentiary hearing based on an untimely request coming four months after briefing concluded and only two weeks before the originally scheduled July 29, 2026 preliminary injunction hearing.  The VN Defendants had ample opportunity to present evidence and argument on the misappropriated trade secrets, and they did so.  They further affirmatively chose not to request an evidentiary hearing or otherwise signal the desire for any

Page 2 – OTO's Opp. to Mot. for Evidentiary Hearing
153644794.3 0084781-00003

similar relief.  The VN Defendants are not entitled to a second presentation of the same factual disputes merely because new counsel would have preferred a different strategy.

Nor is an evidentiary hearing appropriate even if the VN Defendants had requested one in the first instance.  The issues identified in the motion involve factual disputes routinely presented in preliminary injunction proceedings and were fully addressed through declarations, exhibits, and briefing.  The parties have already submitted competing evidence and affidavits regarding the emails sent to personal accounts, the OTO devices, the Omegawave software, and Sapere, and the VN Defendants identify no factual issue that cannot be resolved on the existing record. An evidentiary hearing should only be ordered where live testimony is necessary, not to provide a second opportunity to present evidence and argument already submitted through motion practice.

## II.    ARGUMENT

### A.    The VN Defendants' Request for an Evidentiary Hearing Is Untimely

The VN Defendants waited until July 16, 2026 to request an evidentiary hearing.  By then, OTO's PI Motion was fully briefed, had been pending for more than five months, and oral argument was set to occur less than two weeks later.  *See* Dkts. 11, 22, 26, 32, 34.

The VN Defendants filed a substantive opposition to OTO's preliminary injunction motion on February 27, 2026.  Dkt. 22.  With that PI Opposition, VN Defendants submitted evidence, a declaration from Mr. Nasedkin, disputed OTO's factual assertions, and argued that OTO was not entitled to relief.  *Id.*  But the VN Defendants did not ask for, or even reference the possibility of, an evidentiary hearing, a sur-reply, or any other relief.  The VN Defendants did not argue that the Court could not decide the motion on the written record.  And the VN Defendants did not identify any witness testimony that would be necessary before the Court could rule.

The VN Defendants now seek an evidentiary hearing only after substitute counsel

Page 3 – OTO's Opp. to Mot. for Evidentiary Hearing
153644794.3 0084781-00003

appeared and after the Court set oral argument.  As discussed further below, the appearance of substitute counsel is no basis to reopen the preliminary injunction record.  The VN Defendants provide no justifiable basis for the delay and articulate no prejudice the VN Defendants will suffer without an evidentiary hearing.  The Ninth Circuit has repeatedly affirmed denials of untimely hearing requests, as the Court should do here.  *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) (affirming denial of "last-minute" request for evidentiary hearing, including "because the plaintiffs failed to show that the denial of discovery would result in actual and substantial prejudice").

**B.**     **The VN Defendants Identify No Changed Circumstance Other than the Appearance of Substitute Counsel, Which Is Insufficient.**

The VN Defendants do not identify any newly discovered evidence, newly available witness, intervening factual development, or change in circumstances occurring after briefing closed.  The factual issues the VN Defendants seek to explore through live testimony—the emails Mr. Nasedkin sent to himself, the OTO devices, the Omegawave software, and whether Sapere competes with OTO—were all addressed in the parties' briefing.  Dkts. 11, 22, 26.

The only change from the close of the PI Motion briefing is VN Defendants' substitution of counsel.  But it is well established that a party is not entitled to reopen proceedings simply because substitute counsel would have preferred a different litigation strategy.  *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.") (internal quotation and citation omitted).

Page 4 – OTO's Opp. to Mot. for Evidentiary Hearing
153644794.3 0084781-00003

That principle applies directly here. The VN Defendants had counsel, opposed OTO's motion, submitted declarations, disputed OTO's evidence, and chose the arguments they wished to present. The VN Defendants could have requested an evidentiary hearing or argued that the facts and credibility determinations required live testimony in February. They did not. They also could have sought relief they believed necessary to oppose the preliminary injunction motion. They did not. The VN Defendants cannot "avail [themselves] of a 'do-over' simply because [they] had successor counsel." *United States v. Santana-Dones*, 920 F.3d 70 (1st Cir. 2019) (alterations incorporated) (affirming district court's denial of defendants' attempt to "reopen[] the motion-filing deadline over five months after it had expired" because "more than the appearance of new counsel seeking to second-guess the decisions of prior counsel" is required) (citing *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011)). "[A]llowing new counsel to reopen an expired deadline in order to pursue strategic options forgone by prior counsel would put a premium on changing counsel and unfairly advantage the defendant." *United States v. Shevchenko*, No. 5:22-CR-00250-EJD-1, 2025 WL 2614980, at *4 (N.D. Cal. Sept. 9, 2025) (quoting *Santana-Dones*, 920 F.3d at 81); *see also Shevchenko*, 2025 WL 2614980, at *4 (collecting cases).

### C. The Mere Presence of Typical Factual Disputes Does Not Necessitate an Evidentiary Hearing.

The VN Defendants' core argument is that an evidentiary hearing is necessary because disputes exist concerning certain facts and witness credibility. Dkt. 34 at 3-4. That does not necessitate an evidentiary hearing. Like most disputes, preliminary injunction proceedings often involve factual disputes. Disputed facts that can—and already have—been addressed through briefing do not justify an evidentiary hearing.

Indeed, the Ninth Circuit has specifically rejected the notion that oral testimony is

required whenever conflicting affidavits are submitted. *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986) (rejecting "the *Sims* presumption in favor of evidentiary hearings"). District courts within the Ninth Circuit routinely apply this principle. *Numbers Licensing, LLC v. bVisual USA, Inc.*, 643 F. Supp. 2d 1245, 1249 (C.D. Cal. 2009) ("The Court finds that an evidentiary hearing is unnecessary; the declarations on file provide a sufficient basis for the Court to make an informed decision. Moreover, the complex nature of the disputes cannot be practically resolved in an evidentiary hearing."); *id.* ("An evidentiary hearing need not occur as a matter of course before a district court rules on a preliminary injunction.") (citing *Kenneally v. Lungren,* 967 F.2d 329, 334 (9th Cir. 1992)). The Court should follow this directive here.

The VN Defendants' cited cases do not change this result. In fact, the *Int'l Molders* case they cite (VN Defendants' Mot. at 3, 8) supports OTO, not the VN Defendants. The Ninth Circuit in *Int'l Molders* held that "[t]he district court did not abuse its discretion in granting the preliminary injunction without an evidentiary hearing." *Int'l Molders*, 799 F.2d at 555. And, similar to the VN Defendants' belated request here, the defendants in *Int'l Molders* did not timely request an opportunity to present oral testimony. *See id.* ("The INS apparently never requested an opportunity to present oral testimony. In at least one circuit, failure to request an evidentiary hearing constitutes a waiver."). In the VN Defendants' other cited case, *Millennium Health* (VN Defendants' Mot. at 5), and unlike in this case, the court had specifically "set a schedule for accelerated discovery for a preliminary injunction hearing." *Millennium Health, LLC v. Barba*, No. 3:20-CV-02035-HZ, 2021 WL 1254349, at *5 (D. Or. Apr. 5, 2021). While the *Millennium Health* court did choose to hold an evidentiary hearing, the opinion merely describes the evidentiary hearing and provides no reasoning or analysis applicable to the VN

Defendants' requested relief.  *See id.*

In sum, the VN Defendants' mere identification of factual disputes or alleged credibility determinations—which, as discussed below, are not even allegedly new or different from what was already presented months ago—is insufficient to justify the VN Defendants' belated and baseless request for an evidentiary hearing here.

### D. The Factual Issues Identified by the VN Defendants Were Already Addressed in the Preliminary Injunction Briefing

The VN Defendants identify several issues that they allege require live testimony.  Each was already presented in the PI Motion briefing, where no such request was made or suggested.

### 1. The Parties Already Addressed Mr. Nasedkin's Emails to Himself in Their Briefs

The VN Defendants first contend that an evidentiary hearing is needed to determine whether the information Mr. Nasedkin sent to himself is confidential or secret.  Dkt. 34 at 5-6. But that issue was already briefed.

OTO's Motion explained that Defendants sent OTO confidential information and trade secrets from OTO accounts to personal accounts, including information concerning proprietary algorithms and source code for health and fertility monitoring; hardware designs for medical-grade wearable sensors; raw clinical and patient data collected through clinical trials; and (iv) business strategy documents, product roadmaps, customer lists, and technical documentation; project proposals, Matlab environments, and codebase reviews.  Dkt. 11 at 5, 7-8.  The VN Defendants responded that Mr. Nasedkin had identified emails that likely corresponded to the information, but disputed that the emails contained trade secrets or confidential information. Dkt. 22 at 8-9.  OTO replied and explained why at least the specific documents submitted with OTO's PI Motion contained confidential and valuable OTO information.  Dkt. 26 at 8-13.

The VN Defendants' present motion does not identify any new fact about those emails.  It

Page 7 – OTO's Opp. to Mot. for Evidentiary Hearing
153644794.3 0084781-00003

simply repeats the same dispute: OTO contends the materials are confidential and valuable; the VN Defendants contend they are not. That issue has already been submitted to the Court and the VN Defendants offer no reason why live testimony would be necessary to resolve the dispute. The VN Defendants' desire for a second opportunity to make the same or different (and therefore waived) arguments through live testimony does not justify an evidentiary hearing. *See Shevchenko*, 2025 WL 2614980, at *4 ("Ultimately, new counsel seeks to advance an argument that former counsel could have raised in his first motion to suppress but chose to not. New counsel wishing to pursue alternative arguments that former counsel had the opportunity to raise does not constitute good cause.").

### 2.    The Parties Already Addressed the OTO Devices in Their Briefs

The VN Defendants next contend that an evidentiary hearing is needed to determine ownership of the OTO devices in their possession. Dkt. 34 at 6-7. That issue was also briefed.

OTO's motion explained that OTO provided Defendants with secure company devices for their work, including devices purchased for business purposes, which Mr. Nasedkin obtained prior approval for, and submitted his expense for the devices to OTO for reimbursement. Dkt. 11 at 7, 13-14. The VN Defendants do not dispute that Mr. Nasedkin purchased the OTO device to use for work, expected to be reimbursed for this work expense, or submitted a reimbursement request. Dkt. 22 at 12; Dkt. 26 at 15. Mr. Nasedkin states he has no record or recollection of receiving reimbursement. Dkt. 22 at 12.

This is not an undeveloped factual issue. It is a dispute about the legal and factual significance of evidence already submitted.

### 3.    The Parties Already Addressed the Omegawave Software in Their Briefs

The VN Defendants also argue that live testimony is needed concerning the Omegawave

Page 8 – OTO's Opp. to Mot. for Evidentiary Hearing
153644794.3 0084781-00003

software. Dkt. 34 at 7. Again, that issue was already briefed.

OTO's motion explained that Defendants maintained Omegawave drivers, proprietary software, and related Omegawave property that became OTO property through OTO's acquisition of Omegawave. Dkt. 11 at 2-3, 8-9, 13-14. The VN Defendants responded that Mr. Nasedkin purportedly had a retail copy of Omegawave 4.0. Dkt. 22 at 6-7. OTO replied that they seek the software, algorithms, drivers, and other information Defendants possess about or on Omegawave 4.0—to which OTO is entitled through its acquisition of Omegawave. Dkt. 26 at 10-11.

The parties' positions are clear. OTO contends the VN Defendants possess OTO property and confidential OTO information. The VN Defendants contend otherwise. The present motion identifies no new evidence and no reason why live testimony on the same issue is necessary for the Court to resolve the present dispute.

### 4. The Parties Already Addressed Sapere and the Alleged Competitive Harm in Their Briefs

The VN Defendants also contend that they should be allowed to explain whether Sapere competes with OTO. Dkt. 34 at 7-8. They already did.

OTO's PI Motion explained that the VN Defendants co-founded and work for Sapere, which OTO contends is a direct competitor, and that Defendants are using OTO's confidential information and trade secrets in connection with that business. Dkt. 11 at 9, 17, 20. The VN Defendants responded that Sapere provides consulting services, was a customer of OTO, and purportedly does not compete with OTO. Dkt. 22 at 14-15, 19-20. OTO replied that the VN Defendants' description of Sapere still did not eliminate the risk of harm and, in fact, underscored the risk arising from Defendants' possession and use of OTO's information. Dkt. 26 at 12, 16-17.

Page 9 – OTO's Opp. to Mot. for Evidentiary Hearing
153644794.3 0084781-00003

The VN Defendants therefore already explained their position as to Sapere and their difference in opinion concerning whether Sapere is a competing business.  While this issue is relevant to the harm OTO will suffer without an injunction, OTO's proposed injunction does not prohibit the VN Defendants from working at Sapere, it merely prevents them from using OTO's confidential information in connection with their work.  Regardless of whether Sapere is a competitor to OTO, an ex-employee cannot put to use confidential information from their previous employer for the benefit of their new employer.  *See, e.g.*, *Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1073 (9th Cir. 2000) ("Oregon law imposes on every employee a legal duty to protect an employer's trade secrets and other confidential information, an obligation that continues beyond the term of employment.").

The VN Defendants' request for an evidentiary hearing is therefore unnecessary and improper because it would not assist the Court in resolving any new or undeveloped factual issue, but would only seek to give the VN Defendants a second bite at the apple and to reopen issues already presented through the existing declarations, exhibits, and briefing.[1]

### E.   The VN Defendants' Own Position on the Continuance Underscores the Problem with Their Request.

The Court has granted the VN Defendants' unopposed request for a continuance of the PI Hearing and reset that hearing to September 2, 2026.  *See* Dkts. 37, 38.  As the VN Defendants correctly noted, OTO did not oppose a continuance provided that any delay should not be used as a basis to argue that OTO's PI Motion should be denied or that the VN Defendants' requested relief should be granted.  Dkt. 34 at 3.  The VN Defendants agreed with that proposition in their motion.  *Id.*  ("VN Defendants do not intend to argue otherwise.").  Despite this, the VN

---

[1] As a practical matter, converting the oral argument to an evidentiary hearing would also necessarily further delay resolution of the pending preliminary injunction motion, since Mr. Evans is unavailable September 1-3 due to a pre-existing family commitment.

Defendants' Motion argued that a continuance was necessary "particularly if the Court permits an evidentiary hearing and limited prehearing discovery." *Id.*  On July 20, the VN Defendants served new document requests, interrogatories, and are attempting to seek a deposition of OTO within the same timeframe afforded by the continuance.  In other words, the VN Defendants are attempting to use the continuance to reopen and expand the preliminary injunction proceedings, and not merely to afford new counsel time to come up to speed on the case.

### F.    Motion No. 3 Has Already Been Denied.

The Court has already denied the VN Defendants' request for expedited discovery (Dkt. 37), which OTO opposed, and therefore OTO does not address this requested relief here.

## III.   CONCLUSION

The VN Defendants' request for an evidentiary hearing should be denied.  The factual issues the VN Defendants identify were already discussed at length by both parties in the PI Motion briefing and supported by declarations and exhibits.  The VN Defendants did not request an evidentiary hearing when they opposed OTO's PI Motion, and they identify no new facts that justify one now.  Because the request is untimely, unnecessary, unsupported by any changed circumstance other than the appearance of substitute counsel, directed to issues already briefed, and a clear attempt for an improper do-over, the Court should deny VN Defendants' request for an evidentiary hearing.

DATED:  July 23, 2026                    STOEL RIVES LLP


                                        /s/ Austin Zuck
                                        Nathan Brunette, OSB #090913
                                        nathan.brunette@stoel.com
                                        Ryan Kunkel, OSB # 154671
                                        ryan.kunkel@stoel.com
                                        Austin Zuck, OSB # 257130
                                        austin.zuck@stoel.com
                                        STOEL RIVES LLP
                                        760 SW Ninth Avenue, Suite 3000
                                        Portland, OR 97205
                                        Telephone: 503.224.3380
                                        Facsimile: 503.220.2480

                                        *Attorneys for OTO.COACH INC.*
                                        *and OTO US Fertility LP*